By the Court, Moncrief, J.
There can be no doubt that if no sufficient evidence to sustain a verdict in favor of the plaintiff is given, it is the duty of the court to take the case from the jury, and to dismiss the complaint.. (Wilds v. The Hudson River Railroad Co., 24 N. Y. Rep. 430, 433. 20 id. 73. 18 id. 422.)
The legal presumption is that the conveyance of the fee carried with it whatever was then attached to the soil of the premises, and, therefore, that the defendant was the owner of the buildings in question. (4 Kent’s Com. 468.) But this presumption might have been repelled by evidence on behalf of the plaintiff. He alleged in his complaint that “ he was, and is, the sole and bona fide owner of the buildings.” To maintain his action he was bound to establish this fact. (Mott v. Palmer, 1 Comst. 571, 578, 579.)
There was no evidence of the ownership of the buildings in the plaintiff. Mr. Schimmel, from whom he alleged he purchased them, did not prove his title, nor was it shown that' Mr. Niner, his step father, had a right to sell the buildings. *173 Aga.fn, even if some evidence of a former ownership in the buildings had been adduced, the complaint was properly dismissed for the reason that it appeared that the plaintiff was no longer the real party in interest. He testified that he had sold them.
The exception must be overruled, and judgment entered dismissing the complaint.